IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | |
|---|---|
| BLAIR DOUGLASS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUSQVARNA PROFESSIONAL PRODUCTS, INC.,<br><br>Defendant. | Civil Action No. 2:25-cv-00771-CCW |

**PLAINTIFF'S MOTION TO CERTIFY CLASS FOR SETTLEMENT
PURPOSES AND FOR PRELIMINARY APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u>**

Plaintiff Blair Douglass, on behalf of himself and all others similarly situated, hereby moves pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order conditionally certifying a class for settlement purposes, preliminarily approving the settlement, approving the proposed notice and notice plan, and setting aside dates for the submission of objections to the settlement and a fairness hearing.

The Parties have conferred and it is Plaintiff's understanding that while Defendant Husqvarna Professional Products, Inc. denies liability and denies the allegations as asserted in the Plaintiff's Class Action Complaint, it nonetheless **does not oppose** the relief sought in this motion to resolve Plaintiff's claims on a classwide basis.

In further support of this motion, Plaintiff states as follows:

1. Defendant's online stores are located at

   (a) https://www.husqvarna.com/us/,

1

  (b)  https://locations.husqvarna.com/us/,

  (c)  https://shop.husqvarna.com/,

  (d)  https://husqvarna.custhelp.com/app/home,

  (e)  https://automower.husqvarna.com/us/index.html,

  (f)  https://buying-guides.husqvarna.com/en,

  (g)  https://www.redmax.com/us/,

  (h)  https://locations.redmax.com/us/,

  (i)  https://www.poulanpro.com/us/,

  (j)  https://us.gardena.com/, and

  (k)  https://www.orbitonline.com/ (collectively, the "Website").

Doc. 12, ¶ 3.

 2. In May 2024, Plaintiff attempted to access https://www.husqvarna.com/us/. Doc. 12, ¶¶ 3, 37.

 3. Plaintiff could not access https://www.husqvarna.com/us/ because it was not compatible with screen reader auxiliary aids, which Plaintiff uses to access digital content because he is blind.  Doc. 12, ¶¶ 4, 36-37.

 4. Consistent with prior guidance from this District, Plaintiff contacted Defendant informally to explore a prelitigation solution that would ensure https://www.husqvarna.com/us/ becomes fully and equally accessible to blind screen reader users in the future. Doc. 12, ¶ 38.

 5. Plaintiff returned to the Website and found that they continued to deny him full and equal access. Doc. 12, ¶¶ 39-41.

6. After engaging in months of good faith negotiations, the parties reached a settlement and executed a proposed settlement agreement on August 10, 2025.[1]

7. As a result of the parties' shared desire to achieve the best possible solution, Plaintiff filed a class action complaint on June 6, 2025, seeking declaratory and injunctive relief, alleging that Defendant does not have, and has never had, adequate policies and practices to cause the Website to be accessible to blind persons, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*., and its implementing regulations.

8. On July 28, 2025, Plaintiff amended his complaint to identify Husqvarna Professional Products, Inc. as the proper defendant. Docs. 1, 12.

9. The agreement resolves this action and defines the settlement class as "a national class of individuals who are Blind and/or who have a Visual Disability and who use Appropriate Auxiliary Aids and Services to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from attempting to access, the Website from the United States."

10. Under the terms of the Agreement, Defendant shall ensure that blind or visually disabled individuals have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website, and any website which Defendant develops, starts to operate, or acquires and which is publicly available in the United States.

11. The proposed agreement, notice,[2] and notice plan[3] are comparable to or more robust than class action settlements and notice provisions resolving nearly identical claims that courts in

---

[1] The proposed agreement is attached to this motion as Exhibit 1 ("Agreement").
[2] The proposed long-form notice is attached to the agreement as Agreement Exhibit 1.
[3] The proposed notice plan is attached to this motion as Exhibit 2.

this district finally approved in *Douglass v. iFit Inc.*, No. 23-cv-00917, 2024 U.S. Dist. LEXIS 243178 (W.D. Pa. Apr. 11, 2024) (Horan, J.) ("*iFit*"); *Douglass v. Mondelez Global LLC*, No. 22-cv-00875, 2023 U.S. Dist. LEXIS 246839 (W.D. Pa. Sept. 19, 2023) (Hardy, J.) ("*Mondelez*"); *Murphy v. Le Sportsac, Inc.*, No. 22-cv-00058, Doc. 57 (W.D. Pa. July 6, 2023) (Lanzillo, J.) ("*Le Sportsac*"); *Douglass v. P.C. Richard & Son, LLC*, No. 22-cv-00399, 2023 U.S. Dist. LEXIS 246830 (W.D. Pa. June 27, 2023) (Kelly, J.) ("*P.C. Richard*"); *Douglass v. Optavia, LLC*, No. 22-cv-00594, 2023 U.S. Dist. LEXIS 246835 (W.D. Pa. Jan. 23, 2023) (Wiegand, J.) ("*Optavia*"); *Murphy v. The Hundreds Is Huge, Inc.*, No. 21-cv-00204, 2022 U.S. Dist. LEXIS 211942 (W.D. Pa. Nov. 17, 2022) (Lanzillo, J.) ("*The Hundreds*"); *Murphy v. Charles Tyrwhitt, Inc.*, No. 20-cv-00056, 2022 U.S. Dist. LEXIS 255976 (W.D. Pa. Feb. 16, 2022) (Baxter, J.) ("*Charles Tyrwhitt*"); and *Murphy v. Eyebobs, LLC*, No. 21-cv-00017, 2022 U.S. Dist. LEXIS 255978 (W.D. Pa. Feb. 9, 2022) (Lanzillo, J.) ("*Eyebobs*").

12. Given the substantial relief obtained and the inherent risks of continued litigation, the settlement is fair, reasonable, and adequate. The Agreement is on par with, or exceeds, the relief achieved in analogous cases brought by the National Federation of the Blind and the Civil Rights Division of the U.S. Department of Justice, and in the cases cited in the preceding paragraph. It was reached after many months of good faith negotiations at arm's length.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Certify the class for settlement purposes, appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel;[4]

(B) Preliminarily approve the settlement as set forth in the proposed agreement; and

---

[4] Plaintiff's counsel's resumes are attached to this motion as Exhibit 3.

(C)  Approve the notice and notice plan included in the Proposed Order accompanying this Motion.

Respectfully submitted,

Dated: August 14, 2025

*/s/ Kevin W. Tucker*

Kevin W. Tucker (He/Him) (PA 312144)
Kevin J. Abramowicz (He/Him) (PA 320659)
Chandler Steiger (She/Her) (PA 328891)
Stephanie Moore (She/Her) (PA 329447)
Kayla Conahan (She/Her) (PA 329529)
Jessica Liu (She/Her) (PA 328861)
EAST END TRIAL GROUP LLC
6901 Lynn Way, Suite 503
Pittsburgh, PA 15208
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com
kconahan@eastendtrialgroup.com
jliu@eastendtrialgroup.com

*Counsel for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on August 14, 2025, I will cause a true and correct copy of the foregoing document to be served on Defendant through its counsel provided below.

Dated: August 14, 2025              */s/ Kevin W. Tucker*
                                                             Kevin W. Tucker